UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ENNIS EDWARD RUFFIN,

          Plaintiff,

   v.                                                                      22-CV-185-LJV
                                                                                     ORDER
NEW YORK STATE PAROLE, *et al.*,

          Defendants.

---

About a year ago, the *pro se* plaintiff, Ennis Edward Ruffin, filed a complaint

asserting claims under 42 U.S.C. § 1983 and alleging that the defendants violated his

Fourth and Fourteenth Amendment rights by an arrest that led to his incarceration.

Docket Item 1.  This Court previously granted Ruffin's motion to proceed *in forma*

*pauperis* and screened his claims under 28 U.S.C. § 1915(e)(2)(B).  Docket Item 3.  In

that screening order, this Court dismissed Ruffin's claims against New York State

Parole without leave to amend, found that Ruffin's remaining claims were subject to

dismissal, but gave him leave to amend those claims.  *See id.* at 13.

Ruffin now has filed an amended complaint, Docket Item 8, which this Court

screens under section 1915(e)(2)(B).  For the reasons that follow, the amended

complaint is dismissed.

**DISCUSSION**

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims."  *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)).  The court shall dismiss a complaint in a civil action "at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  *See* 28 U.S.C. § 1915(e)(2).

Generally, the court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim."  *Abbas*, 480 F.3d at 639; *see also Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("A *pro se* complaint is to be read liberally.  Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." (quoting *Gomez v. USAA Fed. Sav. Bank,* 171 F.3d 794, 795 (2d Cir. 1999))).  But leave to amend pleadings may be denied when any amendment would be "futile."  *Cuoco*, 222 F.3d at 112*.*

I.      **SCREENING THE COMPLAINT**

In evaluating a complaint, the court accepts all factual allegations as true and draws all inferences in the plaintiff's favor.  *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999).  "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 551

U.S. 89, 93 (2007) (per curiam) (alteration in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Boykin v. Keycorp*, 521 F.3d 202, 216 (2d Cir. 2008) ("[E]ven after *Twombly*, dismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases."). Although "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure, *see Wynder v. McMahon*, 360 F.3d 73, 76 (2d Cir. 2004).

Ruffin has sued the New York State Department of Corrections and Community Supervision ("DOCCS") and New York State parole officers Hock, Dludlo, and Festa.[1] Docket Item 8 at 1-2. A liberal reading of the amended complaint tells the following story.

On August 30, 2017, officers Hock, Dludlo, and Festa "[c]onducted an unreasonable search of [Ruffin's] person." *Id.* at 3-4. That search was "contrary to the conditions of [Ruffin's] release," and it "caused [Ruffin] to lose [his] judicial diversion program" and "subject[ed Ruffin] to new charges." *Id.* at 4. Those additional charges "led to [four years'] and an additional [three years'] incarceration." *Id.* "[H]ad it not been for th[e] search," Ruffin "would not have been subject to any state prison sentence

---

[1] Ruffin originally named Niagara County as a defendant. *See* Docket Item 1. This Court found that any claim against Niagara County was subject to dismissal because Ruffin had not alleged that some Niagara County policy or custom caused the deprivation of his constitutional rights. *See* Docket Item 3 at 6-9. Ruffin has not included Niagara County as a defendant in the amended complaint, *see* Docket Item 8 at 1-2, and this Court therefore deems any claim against Niagara County to be abandoned.

whatsoever." *Id.* Ruffin also maintains that DOCCS is "liable for the [parole] officers['] conduct." *Id.*

## II.     SECTION 1983 CLAIMS[2]

"To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

---

[2] In addition to his claims under section 1983, Ruffin also alleges that his search and arrest violated New York State law and the New York State Constitution. *See* Docket Item 8 at 4. But "district courts in this circuit have consistently held that there is no private right of action under the New York State Constitution" when any such claim could instead be brought under section 1983. *See Talarico v. Port Auth. of N.Y. & N.J.*, 367 F. Supp. 3d 161, 171 (S.D.N.Y. 2019) (alterations omitted). What is more, New York Correction Law § 24 "precludes the assertion of [New York State law] claims" against parole officers in federal court where those claims are brought against officers in their personal capacities and challenge acts taken within the officers' scope of employment. *See Ficklin v. Rusinko*, 351 F. Supp. 3d 436, 442-43 (W.D.N.Y. 2019) (quoting *Baker v. Coughlin*, 77 F.3d 12, 15 (2d Cir. 1996)). In his amended complaint, Ruffin alleges only that the parole officers conducted an "unreasonable search," *see* Docket Item 8 at 4; he alleges nothing to suggest that this search was beyond the officers' scope of employment. So Ruffin's state law claims cannot proceed in this Court. *See Ficklin*, 351 F. Supp. 3d at 444 (concluding that an unreasonable search claim against a parole officer was barred by section 24 because the search "clearly f[ell] within the scope of [the defendant's] employment as [a] parole officer[], no matter how irregularly, or with what disregard of instructions, [the search] might have occurred" (citation and internal quotation marks omitted)).

To establish liability against a government official under section 1983, "a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). Moreover, the theory of *respondeat superior* is not available in a section 1983 action. *See Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003). Instead, "[t]he violation must be established against the supervisory official directly." *Tangreti*, 983 F.3d at 618.

### A.    Claims Against DOCCS

This Court previously dismissed Ruffin's claims against "New York State Parole" because those claims were barred by the Eleventh Amendment. Docket Item 3 at 5-6. This Court noted that "DOCCS would be the proper defendant for the claims Ruffin brings against 'New York State Parole'" but that "any claim against DOCCS would be subject to dismissal" because the Eleventh Amendment also would bar such a claim. *See id.* at 3 n.1, 6 n.4. Ruffin has named DOCCS as a defendant in the amended complaint. Docket Item 8 at 1. But for the reasons stated in this Court's prior order, "state sovereign immunity preclude[s] suit against DOCCS in federal court." *See Alke v. Adams*, 826 F. App'x 4, 6-7 (2d Cir. 2020) (summary order). Ruffin's claims against DOCCS therefore are dismissed without leave to amend.

### B.    Unlawful Search

In his amended complaint, Ruffin reasserts his claim that parole officers Dludlo, Festa, and Hoch "[c]onducted an unreasonable search."[3]  Docket Item 8 at 3-4.  The

---

[3] Although Ruffin refers to both the Fourth and Fourteenth Amendments in his amended complaint, all his factual allegations relate to conduct that allegedly violated

Fourth Amendment protects individuals "against unreasonable searches and seizures."
U.S. Const. amend. IV.  "Whether a search is reasonable is determined by assessing,
on the one hand, the degree to which it intrudes upon an individual's privacy and, on the
other, the degree to which it is needed for the promotion of legitimate governmental
interests."  *Houghtaling v. Downes*, 2022 WL 3582543, at *4 (W.D.N.Y. Aug. 22, 2022)
(quoting *United States v. Quinones*, 457 F. App'x 68, 69 (2d Cir. 2012) (summary
order)).

"Parolees subject to terms and conditions of release have severely diminished
expectations of privacy by virtue of their status alone."[4]  *Id.* (internal quotation marks
omitted) (quoting *Quinones*, 457 F. App'x at 69).  And "a State's operation of a
probation" or parole "system presents 'special needs' beyond normal law enforcement
that may justify departures from the usual warrant and probable-cause requirements."
*United States v. Braggs*, 5 F.4th 183, 186 (2d Cir. 2021) (alterations omitted) (quoting
*Griffin v. Wisconsin*, 483 U.S. 868, 873 (1987)).  "In light of these special needs, 'a

---

his Fourth Amendment rights—namely, his search and arrest.  *See* Docket Item 8 at 4
(alleging that the officers "[c]onducted an unreasonable search" and made a "false
arrest").  To the extent that Ruffin alleges that his due process rights were violated
because his arrest and conviction "caused [him] to lose [his] judicial diversion program,"
*see id.*, that is not a viable Fourteenth Amendment claim.  *See, e.g.*, *Bonano v.
Staniszewski*, 2016 WL 11263168, at *8 (E.D.N.Y. Sept. 2, 2016) (finding that the
plaintiff "fail[ed] to state a [due process] claim" because "the creation of New York's
Judicial Diversion program does not give rise to a liberty interest"), *report and
recommendation adopted*, 2017 WL 4220402 (E.D.N.Y. Sept. 22, 2017).  So Ruffin has
not stated a viable standalone due process claim.

[4] This Court previously screened Ruffin's Fourth Amendment claim under the
assumption that he was searched by the three parole officer defendants while he was
on parole.  *See* Docket Item 3 at 9.  In his amended complaint, Ruffin alleges that he
was searched "contrary to the conditions of [his] release."  Docket Item 8 at 4.  So this
Court again presumes that Ruffin was searched by the three parole officer defendants
while he was on parole.

search of a parolee is permissible so long as it is reasonably related to the parole officer's duties.'" *Id.* at 186-87 (quoting *United States v. Grimes*, 225 F.3d 254, 259 n.4 (2d Cir. 2000)); *see also Black v. Petitinato*, 761 F. App'x 18, 21 (2d Cir. 2019) (summary order) (considering whether a parole officer's search of a parolee's home "is 'rationally and reasonably related to the performance of the parole officer's duty'" (quoting *People v. Huntley*, 43 N.Y.2d 175, 181, 371 N.E.2d 794, 797 (1977))).

This Court previously found that Ruffin's unreasonable search claim was subject to dismissal because the complaint did not include "any factual allegations about the nature of the search or the officers' conduct." Docket Item 3 at 10. But this Court gave Ruffin leave to amend his complaint to allege how the parole officers' search was not reasonably related to the officers' duties. *See id.* at 10-11.

In his amended complaint, Ruffin provides little more about the parole officers' search. He says only that the officers "[c]onducted an unreasonable search of [his] person contrary to the conditions of release." Docket Item 8 at 4. But without any factual allegations about the officers' search, Ruffin again has not alleged that the search—by parole officers on a parolee—was not "reasonably related to the parole officer[s'] duties." *Braggs*, 5 F.4th at 187; *see also Houghtaling*, 2022 WL 3582543, at *5 (dismissing Fourth Amendment claim challenging parole officers' search where the plaintiff "d[id] not allege any specifics relating to the search"). Because Ruffin has not amended his complaint to correct the deficiencies noted in this Court's prior order, his Fourth Amendment unreasonable search claim is dismissed.

C.    **False Arrest**

This Court previously found that Ruffin's false arrest claim was subject to dismissal.[5]  *See* Docket Item 3 at 11-12.  That was because Ruffin alleged that he was convicted and sentenced to three years' imprisonment after his arrest, and a conviction following an arrest "normally [is] conclusive evidence of probable cause" and therefore defeats a claim for false arrest.  *See id.* at 12 (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)).  But this Court gave Ruffin leave to amend his complaint to "explain[] why any conviction would not preclude" his false arrest claim.[6]  *Id.*

Ruffin renews his claim for false arrest in his amended complaint.  Docket Item 8 at 4.  But again, Ruffin alleges only that he was arrested after an "unreasonable search" and that the arrest "led to . . . an additional [three years of] incarceration."  *Id.*  As noted above and in this Court's prior order, *see* Docket Item 3 at 11-12, Ruffin's conviction appears to be a complete bar to his false arrest claim.  And Ruffin has not alleged anything about his arrest, prosecution, or conviction that would surmount that bar.  *See Plonka v. Brown*, 2 F. App'x 194, 196 (2d Cir. 2001) (summary order) (listing possible

---

[5] As noted in this Court's prior order, it is not clear who Ruffin says falsely arrested him.  *See* Docket Item 3 at 11 n.11.  Regardless, Ruffin's false arrest claim fails for the reasons stated below.

[6] In this Court's prior order, it liberally construed the complaint as asserting a malicious prosecution claim but concluded that claim also would be subject to dismissal because of Ruffin's conviction.  *See* Docket Item 3 at 7-8.  This Court gave Ruffin leave to amend his complaint to allege a viable malicious prosecution claim.  *See id.* at 8-9.  Ruffin does not say anything about the circumstances of his prosecution in his amended complaint, and this Court therefore deems any such claim to be abandoned.  In any event, as mentioned in this Court's prior order, a malicious prosecution claim under section 1983 requires that the plaintiff allege favorable termination—that is, that "the criminal prosecution ended without a conviction."  *See Thompson v. Clark*, 142 S. Ct. 1332, 1341 (2022).  Because Ruffin says that he was convicted, his alleged malicious prosecution claim is not viable.

circumstances where a conviction would not bar a false arrest claim).  Because Ruffin

has not amended his false arrest claim to correct the deficiencies noted in this Court's

prior order, that claim is dismissed without further leave to amend.

<u>**CONCLUSION**</u>

For the reasons stated above, the amended complaint is dismissed under 28

U.S.C. § 1915(e)(2)(B).  The Court hereby certifies under 28 U.S.C. § 1915(a)(3) that

any appeal from this order would not be taken in good faith and therefore denies leave

to appeal as a poor person.  *Coppedge v. United States,* 369 U.S. 438 (1962).

Ruffin must file any notice of appeal with the Clerk's Office, United States District

Court, Western District of New York, within 30 days of the date of judgment in this

action.  Requests to proceed on appeal as a poor person must be filed with the United

States Court of Appeals for the Second Circuit in accordance with the requirements of

Rule 24 of the Federal Rules of Appellate Procedure.


SO ORDERED.

Dated:      March 13, 2023
            Buffalo, New York


  */s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE